

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| NIKKI G. WILLIAMS, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| TD BANK, N.A., | § | Civil Action No. 3:20-04449-MGL |
|     Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
AND AFFIRMING DENIAL OF WILLIAMS'S MOTION TO SEAL**

**I.     INTRODUCTION**

Plaintiff Nikki G. Williams (Williams), proceeding pro se, filed an amended complaint against Defendant TD Bank, N.A. (TD), alleging claims based on violations of Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. § 2000e, *et seq*., and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12102, *et seq*.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending this Court grant Defendant's motion for summary judgment. The Report also contains an order denying Williams's and TD's motions to seal, which Williams appeals. It was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

## II.     FACTUAL AND PROCEDURAL HISTORY

The Magistrate Judge filed the Report on June 9, 2022.  Williams objected on June 23, 2022, and Defendant replied on July 7, 2022.  The Court has reviewed the objections, and holds them to be without merit.  It will therefore enter judgment accordingly.

The Court need not repeat the facts of this case inasmuch as the Report sets out a thorough recitation.  This Order provides a brief overview and includes only those facts necessary to the Court's analysis.

The evidence shows that Williams took a leave from her employment at TD due to mental health issues beginning on June 21, 2017.  Williams filed a claim regarding her leave with her insurance company, Aetna Life Insurance Company (Aetna).  Williams initially indicated a return-to-work date of September 21, 2017, but TD extended this date at Williams's request.

Williams continued to request extensions of her return-to-work date.  Although her family doctor, Nicole Henrich (Henrich), referred Williams for additional treatment and counseling, Williams largely failed to go to the referrals and comply with treatment.  Nevertheless, she did see a therapist, Amber Nickerson (Nickerson), but Nickerson reported that Williams resisted treatment.

Eventually, because Williams had no tentative return-to-work date, TD terminated her on January 3, 2018.

## III.     DISCUSSION AND ANALYSIS

### A.     *Whether the Court should grant TD's motion for summary judgment*

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

With several exceptions, addressed below, Williams has largely failed to present any specific objections to the Report.

This Court need not conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews the Report and Recommendation only for clear error in the absence of specific objections. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record to accept the recommendation.") (citation omitted).

Many of Williams's objections amount to general contentions with the Report's findings, and merely repeat claims the Magistrate Judge properly considered and rejected. Inasmuch as the Court agrees with the Magistrate Judge's detailed treatment of those issues in its well-written and comprehensive Report, repetition of that discussion is unnecessary here.

Consequently, to the extent Williams neglects to make specific objections, and the Court has found no clear error, it need not make a de novo review of the record before overruling those objections and accepting the Magistrate Judge's recommendation.

Further, inasmuch as the Magistrate Judge warned Williams of the consequences of failing to file specific objections, Report at 28, she has waived appellate review as to those objections. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991) (holding general objections are insufficient to preserve appellate review).

Williams, however, does make some specific objections that warrant brief discussion. In its reply, TD insists these objections fail to identify any evidence in the record to show a genuine issue of material fact. It then goes on to reiterate its previous arguments.

First, Williams argues that she is blameless for her failure to follow through with the referrals provided by Henrich, specifically that those providers were unable to see her. She contends the Magistrate Judge improperly omitted this from her recitation of the facts.

Williams fails to explain how these additional facts would allow any of her claims to survive. The Magistrate Judge's gave a fair recitation of the facts. The information provided to TD was that Williams eschewed treatment. TD reasonably relied on that information from Aetna and her providers—even if it was wrong—when it made its decision to terminate Williams. The Court will therefore overrule this objection.

Second, she contends that the Magistrate Judge erred by stating she was advising and directing her physician to extend her return-to-work date, because she "cannot advise a licensed physician on what to do on [her] behalf." Objections at 3.

Williams misstates the Report. The Report explains that "Nickerson states [Williams] suggested she 'extend her return to work until February 2018,' and, in response, Nickerson states she discussed with Plaintiff why extension 'may not be beneficial' in that the barriers to her return would not change with more time." Report at 6 (quoting November 8, 2017, Nickerson Clinical Service Note). The Court will thus overrule this objection, too.

Third, Williams complains TD failed to depose Henrich, Nickerson, Prentis Gunter (Williams's psychiatrist), and Brittany Jones (one of Williams's medical providers) (collectively, the Undeposed Individuals), and so posits the evidence involving them is hearsay.

A deposition is unrequired for the Court to consider evidence related to a person involved in a case. The Court may consider many types of evidence, "including depositions, documents,

electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" when ruling on a motion for summary judgment. Fed. R. Civ. P. 56(c)(1)(A). Nevertheless, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." *Id.* at (c)(2).

Hearsay is a statement "offer[ed] in evidence to prove the truth of the matter asserted in the statement" that "the declarant does not make while testifying at the current trial or hearing." Fed. R. Evid. 801(c). Hearsay is generally inadmissible unless otherwise provided in the FREs or other rules. Fed. R. Evid. 802.

Williams fails to point to specific evidence she avouches is hearsay, instead arguing all evidence related to the Undeposed Individuals constitutes hearsay. This overgeneralization is incorrect. Many of the medical records considered by the Magistrate Judge were not offered to prove the truth of the matter asserted, instead to show the information possessed by TD at the time of Williams's termination.

The Court also notes that medical records generally fall under an exception to the hearsay rule, Fed. R. Evid. 803(6), as do statements made for the purpose of medical diagnosis or treatment, Fed. R. Evid. 803(4). Finally, even if the Magistrate Judge considered hearsay, the Court determines the material could be presented in an admissible form at trial.

Accordingly, inasmuch as Williams has failed to object to specific evidence, and the Court sees no clear error, the Court will overrule this objection as well.

Fourth, Williams posits Nickerson's conversations with Aetna are contradictory because she told them both that Williams requested an extension of her return-to-work date and that Nickerson was unable to report new information because Williams failed to cooperate. Williams

posits a faxed clinical statement will prove she attended all days of treatment. The Court is unsure to what document Williams refers.

Nevertheless, the Court finds Nickerson's statements to Aetna reconcilable and consistent with the evidence presented in this case, which indicates both that Williams resisted treatment and that she continued to request an extension of her leave. Williams appears to present no contradictory evidence. And, as discussed above, it is undisputed that this information is what TD received. For these reasons, the Court will overrule this objection as well.

Fifth, Williams contends the Magistrate Judge erred by stating she was "advised she exhausted leave time." Objections at 5. Williams fails to explain whether she objects to the fact that she had exhausted her leave options or that she was advised of that fact.

Her argument fails in either case. The portion of the Report to which Williams refers, contained in the facts section, quotes a December 21, 2017, letter (TD Letter) sent by TD, stating that at a recent meeting between human resources and Williams, human resources had "informed [her] that [she] ha[d] exhausted all available leave options." Report at 10 (quoting TD Letter). The Report accurately quoted the letter. And, as explained in the rest of the Report and below, she had pushed back her return date to the point that her leave became indefinite. The facts are neither incorrectly nor unfairly stated. The Court will thus also overrule this objection.

Sixth, Williams contends she was actually terminated from TD on December 29, 2017, rather than January 3, 2018, and that she lost her health insurance at that time. It appears she refers to the TD letter, which stated "TD Bank will accept your voluntary resignation effective 12/29/2017 if we have not received notice from Aetna that your claim is medically supported and you have been released to return to work on a specific date by your medical provider." TD Letter.

Although the letter stated TD would accept her resignation through December 29, 2017, the evidence shows TD neglected to begin the process of termination until January 3, 2018.

6

Williams has also failed to provide evidence that she lost her health insurance before January 3, 2018. Consequently, the Court will also overrule this objection.

Seventh, Williams maintains the Magistrate Judge erred in determining her leave was indefinite. TD counters that Williams return date was "a moving target" and that despite its efforts to confirm her return, Williams failed to provide the appropriate information. Reply at 4.

Williams failed to point to any evidence that shows a genuine issue of material fact. Employers are unrequired to provide indefinite leave. *See Wilson v. Dollar General Corp.*, 717 F.3d 337, 346 n.8 (4th Cir. 2013) ("In leave cases, the accommodation must be for a *finite* period of leave."). The evidence shows that TD, after providing Williams over six months of leave, without an end in sight, terminated her employment. Even though Williams maintains she could have returned January 1, 2018, the evidence available to TD showed otherwise. The Court will thus overrule this objection as well.

In sum, Williams's objections lack merit. And, she has also failed to explain how her objections, if sustained, show a genuine issue of material fact. The Court will thus overrule all Williams's objections and will grant summary judgment as to all her claims.

> **B.    Whether the Court should affirm the Magistrate Judge's denial of Williams's motion to seal**

Williams also appears to object to the Magistrate Judge's denial of her motion to seal. The Magistrate Judge denied the motion in the same order as the Report. But, it constitutes an order, rather than a recommendation. *See* 28 U.S.C. § 636(b)(1)(A) (allowing Magistrate Judges to rule on nondispositive motions such as motions to seal). Accordingly, the Court must treat Williams' challenge of the denial of the motion to seal as an appeal of the Magistrate Judge's decision.

When a Magistrate Judge issues an order in a civil case, "[t]he district judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is

contrary to law." Fed. R. Civ. P. 72(a). The Court will reverse the Magistrate Judge's holdings only if it is "left with the definite and firm conviction that a mistake has been committed." *United States v. Harvey*, 532 F.3d 326, 337 (4th Cir. 2008) (quoting *In re Mosko*, 515 F.3d 319, 324 (4th Cir. 2008)) (internal quotation omitted).

Williams insists this Court's electronic case filing policies and procedures (the ECF rules) require sealing of her medical records. ECF Rule 13.4.3 advises that parties should "consider" filing a motion to seal or redacting information if a document reference medical records, treatment records, or diagnoses." It states that these documents "must be afforded maximum protection from public dissemination[,]" and parties should present the document to the Court for *in camera* review. *Id.*

Williams failed to follow that procedure in this case, instead filing the documents she asked to have sealed on the public docket. Nevertheless, the Magistrate Judge ordered that the Clerk's Office redact certain personal identifiers, such as date of birth, from those documents. But, the Magistrate Judge determined Williams's medical records were "at the heart" of Williams's claims, and thus should remain unsealed. Report at 25.

"The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). The Court should weigh the right of access against factors such as "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *Id.*

The Magistrate Judge properly exercised its discretion in declining to seal the records, because the medical records are integral to Williams's case and were sought for no improper

8

purpose. Therefore, the Court determines the denial of the motion to seal is not clearly erroneous or contrary to law.

IV.     **CONCLUSION**

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Williams's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court TD's motion for summary judgment is **GRANTED** and the Magistrate Judge's denial of Williams's motion to seal is **AFFIRMED**.

**IT IS SO ORDERED.**

Signed this 5th day of December 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.